[Cite as *McNatt v. Dept. of Job & Family Servs.*, 2019-Ohio-475.]

| | |
|---|---|
| VINCE MCNATT | Case No. 2018-01256PQ |
| Requester | Judge Patrick M. McGrath |
| v. | <u>ENTRY ADOPTING RECOMMENDATION OF SPECIAL MASTER</u> |
| OHIO DEPARTMENT OF JOB AND FAMILY SERVICES | |
| Respondent | |

{¶1} On July 31, 2018, requester Vince McNatt made a public records request for records and information related to a job position within respondent Ohio Department of Job and Family Services (ODJFS). Over the next three weeks the parties exchanged correspondence, McNatt made additional requests, and ODJFS provided most of the requested records. On August 16, 2018, ODJFS denied the July 31 request as it pertained to "interview questions [and] responses * * * for all applicants." On September 6, 2018, McNatt filed a complaint under R.C. 2743.75 alleging denial of access to public records in violation of R.C. 149.43(B). On November 9, 2018, ODJFS provided McNatt with the requested records. On November 15, 2018, the court mediator entered a report that the parties had reached an agreement resolving the case, and recommended dismissal pursuant to R.C. 2743.75(E)(1), with court costs to be absorbed by the court.

{¶2} However, on November 20, 2018, McNatt submitted a letter titled "motion for court review decision to include statutory damages." On November 27, 2018, ODJFS filed a response to the motion. On December 6, 2018, McNatt submitted an unlabeled memorandum in support of the motion for damages. Neither the motion for damages nor McNatt's subsequent memorandum included a certificate of service or case caption. Civ.R. 5(B)(4) and Civ.R. 10(A). Thus, these pleadings may not be considered by the court. Civ.R. 5(B)(4). On December 10, 2018, ODJFS filed a motion to dismiss.

{¶3} On January 8, 2019, special master Jeffery Clark issued a report recommending the court find that requester's public records request had been rendered moot, and that no other claim remains for determination. The special master further found that McNatt was ineligible for recovery of his filing fee, costs associated with the action, or other award. The special master recommended that the case be dismissed with prejudice pursuant to R.C. 2743.75(E)(1).

{¶4} R.C. 2743.75(F)(2) states, in part: "Either party may object to the report and recommendation within seven business days after receiving the report and recommendation by filing a written objection with the clerk * * * ." No objections were filed by either party. The court determines that there is no error of law or other defect evident on the face of the special master's decision. Therefore, the court adopts the special master's report and recommendation as its own, including findings of fact and conclusions of law contained therein.

{¶5} Court costs will be absorbed by the court. The clerk shall serve upon all parties notice of this judgment and its date of entry upon the journal.

PATRICK M. MCGRATH
Judge

**Filed January 31, 2019**
**Sent to S.C. Reporter 2/12/19**